UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

JUIVONNE LITTLEJOHN,

           Plaintiff,           Case No. 2:10-cv-316

v.                                              Honorable R. Allan Edgar

PATRICIA CARUSO et al.,

           Defendants.
_____/

**OPINION DENYING LEAVE
TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

        Plaintiff Juivonne Littlejohn, a prisoner incarcerated at Ionia Maximum Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $350.00 civil action filing fee within twenty-eight (28) days of this opinion and accompanying order, and if Plaintiff fails to do so, the Court will order that his action be dismissed without prejudice. Even if the case is dismissed, Plaintiff will be responsible for payment of the $350.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

**Discussion**

        The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's

request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d

596, 604-06 (6th Cir. 1998); *accord Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been an active litigant in the federal courts in Michigan. In more than three of Plaintiff's lawsuits, the Court entered dismissals on the grounds of failure to state a claim. *See Littlejohn v. Green et al.*, No. 2:07-cv-213 (W.D. Mich. Jan. 16, 2008); *Littlejohn v. McGinnis*, No. 2:98-cv-243 (W.D. Mich. Apr. 5, 1999); *Littlejohn v. Alexander*, No. 2:91-cv-244 (W.D. Mich. Nov. 27, 1991); *Littlejohn v. Houseworth*, No. 2:91-cv-255 (W.D. Mich. Mar. 25, 1992). Although two of the dismissals were entered before enactment of the PLRA on April 26, 1996, the dismissals nevertheless count as strikes. *See Wilson*, 148 F.3d at 604.

Moreover, Plaintiff's allegations do not fall within the exception to the three-strikes rule because he does not allege facts establishing that he is under imminent danger of serious physical injury. Congress did not define "imminent danger" in the PLRA, but it is significant that Congress chose to use the word "imminent," a word that conveys the idea of immediacy. "Imminent" is "Near at hand . . . impending; on the point of happening; threatening, menacing, perilous. Something which is threatening to happen at once, something close at hand, something to happen upon the instant . . . and on the point of happening." BLACK'S LAW DICTIONARY, 514-15 (6th ed. 1991). "Imminent" is also defined as "ready to take place, near at hand, impending, hanging threateningly over one's head, menacingly near." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY, 1130 (1976). "Imminent danger" is "such an appearance of threatened and impending injury as would put a reasonable and prudent man to his instant defense." BLACK'S LAW

DICTIONARY, 515 (6th ed. 1991). In a recent decision, the Sixth Circuit recognized the standard adopted by other circuit courts:

> While the Sixth Circuit has not defined the term "imminent danger" for purposes of this section, other Circuits have held that to meet the requirement, the threat or prison condition "must be real and proximate" and the danger of serious physical injury must exist at the time the complaint is filed. *See, e.g., Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir.2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir.2001) (en banc). Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception. *Id.* Other Circuits also have held that district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are "conclusory or ridiculous," *Ciarpaglini*, 352 F.3d at 331, or are "'clearly baseless' (i.e. are fantastic or delusional and rise to the level of 'irrational or wholly incredible).'" *Gibbs v. Cross*, 160 F.3d 962, 967 (3d Cir.1998) (quoting *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

*Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008).

Similarly, Congress did not define "serious physical injury," though various courts have interpreted the meaning of the phrase. In *Ibrahim v. District of Columbia*, 464 F.3d 3, 7 (D.C. Cir. 2006), the D.C. Circuit concluded that a "chronic disease that could result in serious harm or even death constitutes 'serious physical injury.'" *Id.* Also, in *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004), the Eleventh Circuit found that HIV and Hepatitis C, both chronic and potentially fatal diseases, met the "serious physical injury" requirement. Moreover, in *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003), the Seventh Circuit recognized that "heart palpitations, chest pains, labored breathing, choking sensations, and paralysis in . . . legs and back" resulting from a denial of medication constituted a serious physical injury. *Id.* The Eighth Circuit also has addressed the question, concluding that a spreading infection in the mouth that resulted from a lack of proper dental treatment amounted to a serious physical injury. *McAlphin v. Toney*, 281 F.3d 709, 710 (8th Cir. 2002).

In the instant complaint, Plaintiff alleges that he was involved in serious conflicts with a gang while at Marquette Branch Prison (MBP). Despite Plaintiff's request not to be transferred to Baraga Maximum Correctional Facility (AMF) because of gang members at AMF, prison officials transferred Plaintiff to administrative segregation at AMF, in order to protect him from threats. When Plaintiff complained to prison officials about his placement at AMF, he was threatened with being locked up in administrative segregation indefinitely. Plaintiff states that he told Defendants that he would be in serious danger of harm if he was released in the general population at AMF or if he was transferred to the general population at MBP as many of the gang members reside at those prisons. On January 20, 2010, Plaintiff was transferred back to MBP. Two days later, Plaintiff was assaulted by a prisoner. It appears that prison officials then ordered Plaintiff to administrative segregation but denied his request to be transferred to another prison. Plaintiff complains that gang members are in the same administrative segregation unit as him and have threatened him with harm. Plaintiff states that those prisoners have access to him in the hallways, shower and during yard time.

Many of Plaintiff's allegations concern past events, i.e., threats at AMF and an assault at MBP. A prisoner's assertion that he faced danger in the past is insufficient to invoke the exception. *Rittner*, 290 F. App'x at 797-98 (citation omitted). Moreover, several of Plaintiff's allegations pertain to events that occurred at AMF, a facility other than his current place of incarceration. *See Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999) (finding that a complaint against Oklahoma defendants did not satisfy the imminent danger exception when plaintiff was housed in a Connecticut prison.) Plaintiff finally alleges that he is fearful of threats by certain prisoners in MBP administrative segregation. Administrative segregation is the most restrictive level

of security classification. MICH. DEP'T OF CORR., POLICY DIRECTIVE 04.05.120, ¶L (effective Sept. 27, 2010). Further, prisoners in administrative segregation are not permitted recreation or religious and educational programming in a group setting. *Id.*, ¶W. Because Plaintiff is not allowed recreation in a group setting, the other prisoners who have threatened him would not have access to him during yard time. The other inmates would also not have access to Plaintiff in the hallways or showers as administrative segregation is the most restrictive level of security classification. Plaintiff therefore fails to allege that the prisoners' threats constitute "imminent danger" under 28 U.S.C. § 1915(g). Plaintiff has thus failed to show that he falls within the exception to the three-strikes rule.

In light of the foregoing, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the entire civil action filing fee, which is $350.00. When Plaintiff pays his filing fee, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff fails to pay the filing fee within the 28-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $350.00 filing fee.

Dated:     3/1/2011           */s/ R. Allan Edgar*
                                                         R. Allan Edgar
                                                         United States District Judge

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**